# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| PICKENS COUNTY PRIVATE SCHOOL, *et al.*, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | 7:23-cv-00817-LSC |
| TWIN CITY FIRE INSURANCE COMPANY, *et al.*, | | |
| Defendants. | | |

## MEMORANDUM OF OPINION

Plaintiffs Pickens County Private School d/b/a Pickens Academy ("PA") and Brach White ("White") filed suit against Defendants Twin City Fire Insurance Company ("Twin City"), Hartford Accident & Indemnity Company ("Hartford A & I," collectively with Twin City, "Hartford"), Trisura Insurance Company ("Trisura"), and Hannah Jackson ("Jackson") in the Circuit Court of Pickens County, Alabama on May 19, 2023. White, PA, and Jackson are all Alabama citizens, while Hartford and Trisura are citizens of other states. (Doc. 1-1 ¶ 1, 2, 5.) In the Complaint, PA and White sought a declaration that Hartford and Trisura have a duty to defend and indemnify them in an underlying action brought by Jackson in the Circuit Court of Clarke County, Alabama.

1

Hartford and Trisura removed this case to the U.S. District Court for the Northern District of Alabama on June 23, 2023, averring jurisdiction under 28 U.S.C. § 1332. In their Notice of Removal, Hartford and Trisura argue that Jackson's citizenship should be disregarded because she was fraudulently joined and/or is a nominal party, or she should be realigned as a plaintiff. (Doc. 1.)

On July 17, 2023, PA and White filed a Motion to Remand. (Doc. 9.) In this Motion, PA and White argue that Jackson was not misjoined and thus there is not complete diversity of citizenship. (*Id.*) Jackson joined the Motion to Remand. (Doc. 10.) Upon due consideration, and for the reasons that follow, the Court realigns Jackson as a plaintiff. The Motion to Remand is DENIED.

I. **BACKGROUND**

According to PA and White's Complaint, Jackson commenced the underlying action, a putative class action, against them and other defendants in 2021. (Doc. 1-1 ¶ 7.) The underlying action involves the alleged misuse of personal information by one or more private schools. (*Id.*)

Hartford and Trisura had previously issued insurance policies to PA and White. (*Id.* ¶ 9–10.) Specifically, Hartford issued a series of policies to PA that were active from September 30, 2015 to September 30, 2018. (*Id.* ¶ 9.) Trisura issued a policy to White, which was active from August 13, 2007 to August 12, 2023. (*Id.* ¶

2

10.) Hartford and Trisura have now refused to defend or indemnify PA and White in the underlying state action.

## II.    STANDARD OF REVIEW

A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As relevant here, jurisdiction exists if there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). "[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). If parties have the same interests, they must be aligned together. *Id.* at 1314. "The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants." *Id.* at 1313 (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)).

The removing party bears the burden of establishing that removal was proper. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *Vestavia Hills*, 676 F.3d 1310, 1313 (11th Cir. 2012) (internal citations and quotation marks omitted).

**III. DISCUSSION**

If Jackson is properly aligned as a defendant, then, because both she and the insured plaintiffs are Alabama citizens, there is not complete diversity of citizenship, and the Court must remand for lack of subject matter jurisdiction. Thus, the Court must determine (1) whether Jackson is a proper party to this case at all, and (2) if Jackson is a proper party to this case, whether she should be realigned as a plaintiff.

At the outset, Jackson is a proper party to this case because she is an indispensable party. *See* Fed. R. Civ. P. 19 (b). In *Ranger Ins. Co. v. United Housing of N.M.*, the former Fifth Circuit[1] held that tort claimants were indispensable parties to an insurer's declaratory judgment action determining the insurer's coverage obligations. 488 F.2d 682, 683 (5th Cir. 1974). The Court reasoned that allowing the action to proceed without the tort claimants would prejudice their interests. *Id.*; *see also Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 F. App'x 540, 542 (11th Cir. 2005). Similarly, in *Central Sur. & Ins. Corp. v. Norris*, the former Fifth Circuit reversed the district court's dismissal of tort claimants in an insurer's declaratory judgment action determining coverage obligations, explaining:

> It would be very inconvenient if the federal court should, these plaintiffs not being parties, decide that the policy does not apply, and the [insurer] should not defend the actions and the plaintiffs should recover and then the State Court should decide the policy does apply. The interests of [the tort

---

[1] Fifth Circuit Opinions prior to October 1, 1981 are binding in the Eleventh Circuit and thus on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

>claimants] . . . is real and substantial though not immediate. They ought to be heard on it and bound by the result.

103 F.2d 116, 117 (5th Cir. 1939) (citing *Central Surety & Ins. Corp. v. Caswell*, 91 F.2d 607 (5th Cir. 1937)).

While this case involves an insured-commenced declaratory judgment action, as opposed to the insurer-commenced declaratory judgment action like in *Ranger* and *Norris*, the same logic applies. *See Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *1 (11th Cir. Feb. 3, 2023); *see also Earnest v. State Farm Fire & Cas. Co.*, 475 F. Supp. 2d 1113, 1117 (N.D. Ala. 2007) ("[T]he underlying tort plaintiff [is] an indispensable party no matter who initiated the complaint; otherwise, he or she would not be bound by the result."). Accordingly, Jackson is an indispensable party.

Having determined that Jackson is an indispensable party, the Court now turns to whether Jackson's interests align with the insurer defendants or the insured plaintiffs. As this is both a duty to defend and duty to indemnify case, the Court analyzes any interest that Jackson has in both.

The Court starts with the duty to indemnify. The parties disagree over whether this issue is even ripe for adjudication, which the Court now resolves. For if a claim is not ripe, it is not justiciable and must be dismissed for lack of jurisdiction. *See United States v. Rivera*, 613 F.3d 1046, 1053 (11th Cir. 2010). It is true that in many declaratory judgment actions courts have determined that the duty to indemnify was

5

not ripe because without an underlying judgment, indemnification is hypothetical. *See Mid-Continent Cas. Co. v. Delacruz Dry Wall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (holding that the issue of an insurer's duty to indemnify a subcontractor in a construction contract dispute was not ripe because the underlying lawsuit was pending).

However, in the context of a duty to indemnify and duty to defend declaratory judgment action, rather than in a standalone duty to indemnify case, the duty to indemnify is ripe. *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941); *see also Edwards v. Sharkey*, 747 F.2d 684, 686–87 (11th Cir. 1984);[2] *Tuskegee Univ. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 3:18-CV-34, 2018 WL 3873584, at *2 (M.D. Ala. Aug. 15, 2018) (explaining that a declaratory judgment

---

[2] Despite the Supreme Court's decision in *Md. Cas. Co.*, there has been confusion in this Circuit regarding whether a case in this posture is ripe. For example, in *Am. Fid. & Cas. Co.*, an insurer sued its own insured, the insured's co-defendant in the underlying state case, the co-defendant's insurer, and the tort claimants in a declaratory judgment action regarding whether the insurer owned its own insured a duty to defend and indemnify. *Am. Fid. & Cas. Co. v. Penn. Threshermen & Famers' Mut. Cas. Ins. Co.*, 280 F.2d 453 (5th Cir. 1960). The former Fifth Circuit held that while the insurer owed its own insured a defense, the insurer's duty to pay damages was not ripe because, after the underlying case is litigated, the damages issue "might never arise." *Id.* at 461. Conversely, in *Edwards v. Sharkey*, the Eleventh Circuit found that there was a live "case or controversy" where tort claimants filed a declaratory judgment action against insurers and their insureds to determine coverage liabilities, and the insurers cross-appealed the apportionment determination. 747 F.2d at 687. The Eleventh Circuit explained that *Am. Fid. & Cas. Co.* simply provides "caution[] against the exercise of jurisdiction in suit for declaratory judgment when the question of apportionment of insurance coverage may never arise." *Edwards*, 747 F.2 at 686. This caution derives from "the traditional discretion of federal courts exercising jurisdiction over declaratory judgment actions." *Id.* Considering these opinions together with *Md. Cas. Co.*, it seems that while courts should be cautious when considering cases involving indemnification, cases involving the duty to defend and indemnify are ripe for adjudication.

action regarding an insurer's duty to defend and indemnify is ripe "because the duty to defend is more extensive than the duty to indemnify," and so "a ruling that [the insurer] owes no duty to defend means that it need not indemnify either" (first citing *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1011 (Ala. 2005); then citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 539 (7th Cir. 2006))); *Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 842 (11th Cir. 2014); *Continental Cas. Co. v. Winder Laboratories, LLC*, 73 F.4th 934, 944–45 (11th Cir. 2023).

In *Md. Cas. Co.*, the Supreme Court considered whether there was a live controversy in a declaratory judgment action that an insurer brought against its insured and a tort claimant regarding whether the insurer was obligated to defend and indemnify the insured in an underlying state action. The Supreme Court held that a live controversy existed between the insurer and the tort claimant, despite the ongoing underlying action. *Md. Cas. Co.*, 312 U.S. at 274. The Supreme Court explained that a contrary ruling might result in "opposite interpretations of the policy . . . be[ing] announced by the federal and state courts." *Id.* As this case also involves the issue of whether there is a live controversy between the insurers and the tort claimant, *Md. Cas. Co.* controls.

Having determined that the duty to indemnify is ripe, there can be little doubt that Jackson's interest aligns with the insured plaintiffs. Logically, both Jackson and

the insured plaintiffs have an interest in maximizing insurance coverage. *See Vestavia Hills*, 676 F.3d at 1314 (realigning a judgment debtor as a plaintiff in a judgment creditor's suit to recover from the judgment debtor's insurer). A declaration binding the insurers to pay out any judgment that Jackson obtains against the insureds only benefits both the insureds and Jackson. As a result, the insured plaintiffs' and Jackson's "interests are identical or at least materially so." *Id.*

The Court now proceeds to the duty to defend. The insured plaintiffs contend that, logically, Jackson has no interest in the insured plaintiffs "be[ing] defended in the underlying action by well-heeled insurance companies." (Doc. 9 at 7.) Thus, according to the insured plaintiffs, Jackson's interest aligns with the defendant insurers. (*Id.* at 16.) The defendant insurers counter by arguing that Jackson has "no legally protected interest" in whether the insurer defendants have a duty to defend because she is not a party to the insurance contract. (Doc. 12 at 7.) The defendant insurers contend that even if Jackson has a strategic interest in the duty to defend, that interest is not legally protected. (*Id.* at 7–8.)

The Court agrees with the insurer defendants that Jackson does not have a legally cognizable interest in the defendant insurers defending the insured plaintiffs. *See Nat'l Standard Co. v. Fed. Ins. Co.*, Case No. 6:16-cv-00161-LSC, slip op. at 14 (N.D. Ala. Aug. 11, 2016) (citing *Canal Ins. Co. v. Cook*, 564 F. Supp. 2d 1322 (M.D. Ala. 2008)); *see also Norris*, 103 F.2d at 116 (stating, in dicta, that tort

8

claimants were "not interested in the question whether the [insurer] is bound to defend their suits"). *But see Smith v. Catlin Ins. Co.*, 7:12-cv-04070-RDP, slip op. at 2 (N.D. Ala. Feb. 13, 2013) (finding that a tort claimant's interest was not aligned with the insurers because the tort claimant had no interest in the insurers providing the insured plaintiffs with a defense to her claims). While Jackson may prefer that the defendant insurers do not represent the insured plaintiffs, Jackson has not demonstrated how this strategic interest is of legal consequence. Further, any actual benefit to Jackson from the insurer defendants not undertaking representation is highly speculative. Therefore, Jackson's interests do not align with the insurer defendants on the duty to defend issue. Rather, Jackson has one interest in this lawsuit and one interest only: her interest in the insureds obtaining indemnification from the insurers. She has no interest in common with the insurance companies.

Because Jackson's interests align with the insured plaintiffs on the duty to indemnify issue, and her interests do not align with the insurer defendants on the duty to defend issue, it follows that Jackson must be realigned as a plaintiff. In reaching this conclusion, the Court joins the great number of courts in this Circuit finding that "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." *Vestavia Hills*, 676 F.3d at 1314 (quoting *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998)); *see Drew v. Safeco Ins. Co. of Ill.*, 578 F. App'x 954, 956 (11th Cir.

2014) (realigning the tort claimant as a plaintiff with the insured); *Rojas v. Allied Pros. Ins. Co.*, No. 15-CV-60713-KMM, 2015 WL 11197789, at *2 (S.D. Fla. July 24, 2015); *Murphy v. Charter Oak Fire Ins. Co.*, 166 F. Supp. 3d 1311 (S.D. Fla. 2015). *But see Stallings & Sons, Inc. v. EMC Prop. Cas. Co.*, No. 2:19-cv-392-WKW, 2020 WL 1540395 (M.D. Ala. Mar. 31, 2020) (citing five cases where courts did not realign a tort claimant with the insured); *Continuum on S. Beach S. Tower Condo. Assoc., Inc. v. Landmark Am. Ins. Co.*, No. 20-24943-cv-WILLIAMS/MCALILY, 2021 WL 2444563, at *5 (S.D. Fla. Apr. 8, 2021).

As recently noted by the Eleventh Circuit, albeit in a unpublished opinion,"[w]hen an insured tortfeasor brings an action against his insurer for a declaratory judgment as to his coverage and names the person suing him as a defendant along with his insurer, the tort claimant will be realigned as a plaintiff, since the injured party and the insured have an identical interest in having it held that the insurance covers the accident in question." *Sullivan*, 2023 WL 1521579, at * 2 (quoting Mary Kay Kane, 20 Fed. Prac. & Proc. Deskbook § 32 (2d ed & Apr. 2022 update)). This is especially so when, in the declaratory judgment action, the tort claimant adopts the insured's arguments. *See Sullivan*, 2023 WL 1521579, at * 2. Or when the insured plaintiff does not seek any relief from the tort claimant. *See id.* (citing *Vestavia Hills*, 676 F.3d at 1314). While Jackson has not adopted any of the

10

insured plaintiffs' arguments, the insured plaintiffs have also not sought any relief from her, thus further supporting realignment.

### IV.  CONCLUSION

For the reasons state above, the Court realigns Hannah Jackson as a plaintiff. From this point forward, the Plaintiffs will include Jackson. The Clerk is directed to realign Jackson as a plaintiff.

Because realigning Jackson establishes complete diversity of citizenship, the Court has subject matter jurisdiction. Plaintiffs' Motion to Remand for lack of subject matter jurisdiction is therefore DENIED. (*See* Doc. 9; *see also* Doc. 10.)

**DONE** and **ORDERED** on October 17, 2023.

L. Scott Coogler
United States District Judge

215755